## Brownfield *against* Braddee.

There is no exception to the rule, that in actions real, personal or mixed, a defence which arises during the pendency of the suit may be pleaded after the last continuance in bar of the plaintiff's right.

In a proceeding, commenced before two justices of the peace, to obtain possession of land purchased at sheriff's sale, and brought into the court of common pleas by the affidavit of the defendant, it is competent for him to give in evidence on the trial, a title to the land derived from a sheriff's sale of the land to him as the property of the plaintiff after the commencement of the proceedings before the justices and while the cause is pending in court, and thus defeat the plaintiff's recovery.

ERROR to a special court of *Fayette* county.

John F. Braddee against Basil Brownfield. This proceeding originated before two justices of the peace to obtain the possession of a tract of land purchased by the plaintiff at sheriff's sale as the property of Joseph Collins, and was brought into the court of common pleas by the defendant, Basil Brownfield, upon his affidavit, "that he was in possession of and held the land in controversy by a title derived from Joseph Collins, before the judgment against him under which the complainant purchased." The proceeding originated and was brought into court on the 26th of January 1835.

On the trial of the cause the defendant offered in evidence a judgment of Basil Brownfield against John F. Braddee. A *fieri facias* issued thereon to January term 1836; a levy of the land in controversy; an inquisition, condemnation and sale of it, upon a *venditioni exponas*, to the said Basil Brownfield, and the sheriff's deed therefor dated the 15th of September 1837.

The plaintiff objected to the evidence on the ground that the sale was subsequent to the proceedings by which this cause originated.

The court overruled the evidence and sealed a bill of exceptions at the instance of the defendant.

*Howell* and *Deford*, for plaintiff in error.
*Austin* and *Veech*, for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—The error to which the attention of the court has been particularly directed is, the rejection of the sheriff's deed for the land in controversy to Basil Brownfield, sold as the property of Braddee, together with the record of the judgment, Brownfield against Braddee, and the executions, &c. thereon. This was a proceeding under the act of the 6th of April 1802; an act to enable

[Brownfield v. Braddee.]

purchasers at sheriffs' or coroners' sales, to obtain possession. After the requisition was taken, but before the justices gave judgment, Brownfield filed an affidavit, pursuant to the directions of the act, "that the title to the lands and tenements claimed by the complainant was disputed: that he (the respondent) held the land in controversy by a title derived from Joseph Collins, before the judgment against him, under which the complainant purchased." The act provides, that on filing such an affidavit, and the respondent becoming bound in a recognizance, &c. to prosecute his claim with effect at the next court of common pleas, &c., the justices shall forbear to give judgment: provided, that if the said claim shall not be prosecuted according to the true intent and meaning of the said recognizance, it shall be forfeited to the use of the complainant, and the justices shall proceed to give judgment and cause the lands and tenements to be delivered up to the complainant in the manner therein enjoined. After filing the affidavit and giving the recognizance, which is in the nature of an appeal, or withdrawal of the process from the jurisdiction of the justices, and the entry of the same on or before the next court, the court of common pleas has complete jurisdiction of the case, and the cause is then tried according to the principles of the common law, except so far as *they are* restricted by the act. If the party withholds the documents, and refuses or neglects to file the same, it is the duty of the justices to proceed to give judgment and cause the lands and tenements to be delivered up to the complainant. But if, on a trial in court, a judgment be rendered for the complainant, the court gives possession to the party, as in cases of ejectment. And further, the complainant has his action on the recognizance to recover the value of the rents and the mesne profits of the lands, and all his costs and damages. And this, I am inclined to think, is the construction of the act of 1802, rendered still more explicit and plain by the subsequent act of the 16th of June 1836, which puts the proceeding expressly in the form of an action of ejectment. A different construction might, in some cases, lead to insurmountable difficulties; for frequently the parties may not be able, with every diligence, to have a trial for two or three terms, or for two or three years, and in the mean time one or both of the justices may have removed or have been removed, have died, or resigned. And in such a case, the complainant, after a trial or judgment, would have *no* remedy. But see Hale *v.* Henner, 2 *Watts* 147; Lenox *v.* M'Call, 3 *Serg. & Rawle* 104; Simpson *v.* Jack, 13 *Serg. & Rawle* 280. But however this may be, still the question remains, Is a matter of defence, which arises after the cause has been removed to the court of common pleas, available to the defendant? If it will not, this must be an exception to every case depending upon the principles of the common law, for it is well settled, that a defence which arises after the last continuance, may be so pleaded in bar of the plaintiff's right. I know of no exception to this principle in actions real, personal or mixed,

[Brownfield v. Braddee.]

and it is so obviously founded in justice, that it is incumbent on those who deny its application to this case, to make it most manifestly and clearly appear. And what is the effect of the evidence proposed but to show that although the complainant may have had a right to the possession at the time of the complaint to the justices, yet that he has lost that right by a judicial sale, at which the respondent purchased the premises; that the right of the complainant has been in due course of law divested, and has been vested by purchase in the respondent. Suppose that instead of a sheriff's deed, the respondent had offered in evidence a deed from the complainant himself; or suppose what perhaps is equally strong, an accord and satisfaction or, a release, would not that have been evidence to protect his possession? It most certainly would; for the very issue is, which is entitled to the possession? for the proceeding, as is held in Lenox *v.* M'Call, 3 *Serg. & Rawle* 104, is in the nature of a summary ejectment. The act, in analogy to proceedings between landlord and tenant, when the tenant holds over, intends to provide a more summary mode than by action of ejectment, to remove the inconvenience which had been experienced from the unjust detention of lands and tenements sold by sheriffs, under executions, whereby purchasers had been obliged to bring ejectments, and to subject themselves to delays and expenses, to recover the possession from persons whose desperate circumstances usually precluded the possibility of obtaining damages or any other compensation. It was for remedy of these evils, as is stated in the preamble, that the act was passed. The evidence was also admissible to avoid circuity of action; for why put the complainant in a possession to which he has no just claim to-day, to put him out to-morrow. It is obvious, that if the right of Braddee is vested in Brownfield either by a judicial or private sale, he can recover possession of the property by a summary process, or by an action of ejectment. But surely this cannot be the true construction of the act, when it causes such inconvenient and absurd consequences. It is supposed, that in the court of common pleas, the respondent is in the place and stead of a plaintiff in ejectment and that the case must stand as it was at the time of the complaint. But this is a misapprehension of the case of Hale *v.* Henner, 2 *Watts* 147. Mr. Justice Sergeant must be understood to say that the respondent was confined to the title disclosed in his affidavit, and that he could not, as in an action of ejectment, go into proof of any other title, outstanding in a third person. In that respect, the respondent is an actor or prosecutor; he asserts a title which he is bound to substantiate; he cannot go into any other title but the title disclosed in his affidavit. His allegation of title in another cannot, at all events, operate to a greater extent than a plea in bar, which admits all that is not expressly denied, viz., that the complainant had purchased the property at a sheriff's sale; that the defendant is the person as whose property the land was sold or came into possession under

[Brownfield v. Braddee.]

him, and that the defendant had notice three months previous to the complaint or application to the justices. And even this is not so clear, for the complainant and respondent stand as before the justices. On the trial in court it may be necessary to show, as before the justices, the preliminary proof which the act requires, and particularly where the proceedings have been arrested, as is sometimes the practice, before the inquest found. The other objections which have been taken to the deed may, as is said by Mr Justice Green, be decided on after the deed is admitted.

There is nothing in the other errors assigned.

Judgment reversed, and a *venire de novo* awarded.